

## NUMBER 13-26-00475-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI – EDINBURG

---

## IN RE KERTRINA LEE-MIMS

---

## ON PETITION FOR WRIT OF MANDAMUS

---

## MEMORANDUM OPINION

**Before Chief Justice Tijerina and Justices Silva and Cron
Memorandum Opinion by Justice Cron[1]**

Relator Kertrina Lee-Mims filed a pro se petition for writ of mandamus seeking to compel the trial court to dismiss the underlying lawsuit on grounds that the trial court's jurisdiction automatically expired by operation of law. *See* TEX. FAM. CODE §§ 263.401, 263.4011. Relator subsequently filed a motion seeking an immediate temporary stay of

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

the trial court proceedings pending the resolution of her petition for writ of mandamus. *See* TEX. R. APP. P. 52.10. We deny the petition for writ of mandamus.

A writ of mandamus is an extraordinary remedy that is available when the trial court clearly abused its discretion and the party seeking relief lacks an adequate remedy by appeal. *In re Ill. Nat'l Ins.*, 685 S.W.3d 826, 834 (Tex. 2024) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 138 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). Alternatively, when "a trial court issues an order 'beyond its jurisdiction,' mandamus relief is appropriate because such an order is void ab initio." *In re Panchakarla*, 602 S.W.3d 536, 539 (Tex. 2020) (orig. proceeding) (per curiam) (quoting *In re Sw. Bell Tel. Co.*, 35 S.W.3d 602, 605 (Tex. 2000) (orig. proceeding) (per curiam)).

The relator bears the burden to establish the right to relief in an original proceeding. *See In re H.E.B. Grocery Co.*, 492 S.W.3d 300, 302 (Tex. 2016) (orig. proceeding) (per curiam); *Walker v. Packer*, 827 S.W.2d 833, 840–44 (Tex. 1992) (orig. proceeding). That burden includes, *inter alia*, providing a clear and concise argument for the contentions made with appropriate citations to authorities and to the appendix or record. *See* TEX. R. APP. P. 52.3, 52.7; *see also Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) (per curiam) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks.").

The Court, having examined and fully considered the petition for writ of mandamus, the response filed by the Texas Department of Family and Protective Services, relator's reply, the record, and the applicable law, is of the opinion that relator has not met her burden to obtain relief. Accordingly, we deny the petition for writ of mandamus. Relator's

2

motion for immediate temporary stay, which we previously carried with the case, is likewise denied.

JENNY CRON<br>
Justice

Delivered and filed on the
6th day of July, 2026.